IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger

Civil Action No. 15-cv-00310-MSK

In re: JERMONE ERVIN VANDRE and DEBRA JEAN VANDRE,

    Debtors.

TC EQUITY INVESTMENTS, LLC d/b/a J.V MECHANICAL,

    Plaintiff/Appellant,

v.

JEROME ERVIN VANDRE, and
DEBRA JEAN VANDRE,

    Defendants/Appellees.

## OPINION AND ORDER ON APPEAL

**THIS MATTER** comes before the Court on the TC Equity Investments, LLC's appeal from the United States Bankruptcy Court's February 5, 2015 Order and Judgment awarding attorney fees and costs to the Jerome Ervin Vandre and Debra Jean Vandre (the Debtors). In reviewing this matter, the Court has considered the designated record and written arguments of the parties, including the Plaintiff's Opening Brief **(#10)**, the Debtors' Response **(#15)**, and the Plaintiff's Reply **(#18)**.[1]

Exercising jurisdiction pursuant to 28 U.S.C. § 158(a), the Court **REVERSES AND VACATES** the February 5, 2015 Order and Judgment awarding fees and costs to the Debtors.

---

[1] The Debtors request oral argument. Because the Court finds that oral argument would not be helpful to the resolution of this appeal, the request is denied.

## I. Background

In 2007, TC Equity Investments, LLC ("TCE") purchased the assets of the Debtors' HVAC business, known as JV Mechanical, Inc. (JVM). The sale was memorialized in an Asset Purchase Agreement.[2] The Agreement required that the Debtors relinquish and disclose certain customer information to TCE (paragraph 1), and it prohibited the Debtors from competing with TCE for a period of five years within a 50 mile radius (paragraph 13). Sometime later, TCE came to believe that the Debtors had breached the non-compete provision of the Agreement. TCE commenced an action in state court against the Debtors and two entities through which they were purportedly doing business. TCE asserted claims for breach of contract, alter ego liability, violation of the Colorado Consumer Protection Act, unjust enrichment, interference with prospective business advantage, an accounting, and a request for injunctive relief. During the pendency of the action, the two entities were dissolved by the Debtors.

Shortly thereafter, on November 14, 2011, the Debtors filed for bankruptcy protection under Chapter 7 of the Bankruptcy Code, thereby staying the state proceedings against them. The state action against the entities was resolved upon entry of a stipulated judgment against the entities and in favor of TCE. The stipulation contained an admission that the entities breached the Agreement and included a damages award in the amount of $774,000, plus $15,641.53 in attorney fees and costs, based on a liquidated damages clause in the Agreement.

In the bankruptcy case, TCE filed a proof of claim in the amount of $789,641.53, which was based on the judgment obtained in state court. TCE also initiated this adversary proceeding,

---

[2] The sellers in the Agreement were JVM and the individual Debtors as shareholders, and the buyer was TCE, acting through its President. As part of the Agreement, the trade name "J.V. Mechanical, Inc." was transferred to TCE. The Debtors retained ownership of their original entity, but subsequently changed its name to JDV, Inc.

in which it asserted claims for nondischargeability under 11 U.S.C. § 523(a)(2)(A) and denial of discharge under 11 U.S.C. § 727(a). With regard to the claim under § 523(a)(2)(A), TCE alleged that the Debtors committed actual fraud by inducing TCE to enter into the Asset Sales Agreement with a non-compete provision that the Debtors never intended to perform. TCE alleged that it materially relied on the non-compete provision when entering into the Agreement and its reliance caused it to purchase JVM's assets for $360,000 in cash and $46,775.40 in debt relief.

The Bankruptcy Court bifurcated the § 523 and § 727 claims, and held a trial on the § 523 claim first. The sole issue at trial was whether the Debtors defrauded TCE when they sold their business to TCE in 2007. The Bankruptcy Court issued an oral ruling on August 9, 2013, and reduced its ruling to a written order on August 26, 2013. The Bankruptcy Court found that the Debtors did not deliberately or knowingly mislead or defraud TCE when they sold their business. Further, the Bankruptcy Court acknowledged that whether the Debtors actually breached the Agreement after it was executed was not at issue in the § 523 action, and therefore it did not opine as to that issue. Thereafter, TCE withdrew its claims under § 727.

Having prevailed on the merits, the Debtors moved for an award of attorney fees and costs. They argued that they were entitled to fees and costs under 11 U.S.C. § 523(d), and alternatively, under paragraph 33 of the Agreement. Paragraph 33 of the Agreement provides for fee-shifting in favor of the prevailing party in certain actions:

> 33. If any party shall commence any action or proceeding against another in order to enforce the provisions hereof, or to recover damages as the result of the alleged breach of any provisions hereof, the prevailing party therein shall be entitled to recover all reasonable costs incurred in connection therewith, including, but not limited to reasonable attorney's fees.

The Bankruptcy Court held a non-evidentiary hearing and granted the fee motion. The Bankruptcy Court reasoned that § 523(d) did not provide a basis upon which to award fees because the debt in dispute was not a consumer debt. It therefore considered whether the Debtors were entitled to fees under the Agreement. Relying on *Travelers Casualty & Surety Co. of America v. Pacific Gas & Electric*, 127 S.Ct. 119 (2007), the Bankruptcy Court concluded that the fee-shifting provision of the Agreement was enforceable against TCE. Under the terms of the Agreement, the Bankruptcy Court found that the § 523 proceeding was an action "to recover damages as the result of [an] alleged breach." Further, the Bankruptcy Court found that the Debtors were the prevailing party on the § 523(a)(2)(A) claim, as well as on TCE's allegations of breach. The Bankruptcy Court acknowledged that its findings as to an alleged breach of the Agreement were not dispositive as to the § 523 claim, but it noted that it had nevertheless "conclusively" found that the Debtors did not breach the disclosure provision (paragraph 1) of the Agreement.[3]

The Bankruptcy Court held a second hearing to quantify the fee award. On February 5, 2015, the Bankruptcy Court issued an order and judgment awarding the Debtors $74,004.81 in attorney fees and costs incurred in defending the § 523 claim.[4] Applying the lodestar method, the Bankruptcy Court determined that the hourly rates charged by Debtors' attorneys were reasonable, but that the amount of time expended by lead counsel was unreasonable. The Bankruptcy Court reduced the fees requested for lead counsel by 20%. It approved in full the amount of costs requested.

---

[3] This finding with regard to the Debtors' alleged breach of the Agreement was not included in either of the Bankruptcy Court's previous rulings on August 9, 2013, and August 26, 2013.

[4] The Bankruptcy Court disallowed all fees and costs related to the § 727 claims.

TCE appeals from the February 2, 2015 order and judgment awarding $74,004.81 in fees and costs to the Debtors.

## II.  Issues Presented

TCE presents two issues:

1. Did the Bankruptcy Court err in awarding the Debtors attorney fees under the terms of a prepetition contract in an action brought by a creditor to determine the dischargeabilty of a debt under 11 U.S.C. § 523(a)?

2. If not, did the Bankruptcy Court err in determining the amount of fees and costs to be awarded?

## III.  Standard of Review

The Court reviews the Bankruptcy Court's decision to award attorney fees and the reasonableness of the amount awarded for an abuse of discretion.  *See Houston v. Norton*, 215 F.3d 1172, 1174 (10th Cir. 2000).  Although the Bankruptcy Court's underlying factual determinations are reviewed for clear error, its statutory interpretation or other legal conclusions are reviewed *de novo*.

## IV.  Analysis

### 1.  Awards of Fees to Debtors based upon Pre-petition contracts

Under the American Rule, a successful litigant is not entitled to attorney fees unless attorney fees are authorized by statute or allocated in an enforceable contract.  *See Alyeska Pipeline Serv. Co. v. Wilderness Society*, 421 U.S. 240, 247 (1975).  Here, the Bankruptcy Court relied on *Travelers Casualty & Surety Co. of America v. Pacific Gas & Electric*, 127 S.Ct. 119 (2007), to award attorney fees to the Debtors in § 523 litigation based upon the terms of a prepetition contract.

5

TCE argues that Bankruptcy Court's reliance on *Travelers* was misplaced and that the Bankruptcy Court lacked the authority to award fees. TCE argues that the holding in *Travelers* is narrow and entitles only *creditors* to fee awards based on a prepetition contract. The Debtors respond that *Travelers* is applicable to debtors, so long as the contract allocating fees is enforceable under substantive, non-bankruptcy law, and the fees are not otherwise prohibited by statute. This argument presents an interesting issue, but one that is not ultimately dispositive in this case.

The Court notes that in *Travelers*, the Supreme Court considered whether bankruptcy law precluded an unsecured creditor from recovering attorney fees in post-petition litigation based on a prepetition contract. Travelers filed an unsecured claim for attorney fees it incurred in the bankruptcy litigation based on a prepetition indemnity agreement. The bankruptcy court rejected the claim, determining that Travelers could not recover fees incurred while litigating issues of bankruptcy law. The district court affirmed, as did the Ninth Circuit.

The Supreme Court reversed, explaining that under 11 U.S.C. § 502(a), a claim by a creditor is presumed to be allowed except to the extent one of the enumerated exceptions in §502(b) applies. The only exception that could have resulted in disallowance of Travelers' claim was in § 502(b)(1), which applies when the claim is "unenforceable against the debtor . . . under any agreement or applicable law for a reason other than because such claim is contingent or unmatured." The Court reasoned that because there had been no determination that the indemnity agreement upon which the claim was based was unenforceable under applicable state law, there was no statutory basis upon which to disallow Travelers' claim. In so holding, the Court rejected the Ninth Circuit's court-adopted rule that attorney fees are, as a matter of law, not recoverable in bankruptcy for litigating issues peculiar to bankruptcy law.

The facts here are fundamentally different. The attorney fee award is not the subject of a proof of claim, and therefore the Supreme Court's ruling is inapposite. Moreover, there is a conceptual difference between a creditor seeking to enforce its rights under a prepetition contract and a debtor doing so. A creditor's rights under a pre-petition contract give rise to either a pre- or post-petition "claim," which is broadly defined as a right to payment or equitable remedy. 11 U.S.C. § 101(5). In contrast, a debtor's rights under a pre-petition contract become property of the bankruptcy estate under 11 U.S.C. § 541(a). Until abandoned or administered,[5] such rights can be exercised only by the Chapter 7 trustee. *Mauerhan v. Wagner Corp.*, 649 F.3d 1180, 1184 n.3 (10th Cir. 2011); 11 U.S.C. § 323(b). There is nothing in this record that shows that the Debtors had any rights under the Asset Purchase Agreement at the time that the fee award was entered.

Even if the Court were to assume that the Debtors had rights under the Asset Purchase Agreement, the Court finds that the Debtors were not entitled to an award of fees under the terms of paragraph 33 of the Agreement. As noted above, paragraph 33 entitles a party to an award of attorney fees arising in litigation only if the litigation is to "enforce the provisions" of the Agreement or "to recover damages as the result of the alleged breach of any provisions" of the Agreement.

---

[5] In some circumstances, property of the estate may be abandoned to the debtor. Section 554 states that the trustee may affirmatively abandon property of the estate with notice and a hearing. Absent an affirmative step by the trustee, any property scheduled by the debtor and not otherwise administered before case closing is technically abandoned. § 554(c). However, any property not abandoned and any unscheduled property that is not administered remains property of the estate. § 554(d). There is nothing in the record to indicate that the Debtors' claim for attorney fees under the Agreement was abandoned, either affirmatively by the trustee or as a scheduled asset not administered, and therefore it remains property of the bankruptcy estate. *See Brumfiel v. U.S.Bank*, 616 Fed.Appx. 933, 937 (10th Cir. 2015).

The Bankruptcy Court found that the § 523 action was a proceeding to recover damages as the result of an alleged breach because, in its view, the underlying claim was for breach of contract. This finding was erroneous. TCE brought this adversary proceeding requesting a determination of nondischargeability of a debt under § 523, which is matter of federal law governed entirely by the Bankruptcy Code. *See Grogan v. Garner*, 498 U.S. 279, 289 (1991); *In re Burns*, 3 Fed. Appx. 689 (10th Cir. 2001). Although TCE also requested that the Bankruptcy Court establish and liquidate the underlying debt, the debt did not arise from a breach of the Asset Purchase Agreement, but instead from alleged fraud — specifically, fraud in the inducement. Under Colorado law, a plaintiff who is fraudulently induced into entering a contract may either rescind or affirm the contract and recover in tort for the damages caused by the fraudulent act. *See Western Cities Broadcasting, Inc. v. Schueller*, 849 P.2d 44, 48 (Colo. 1993).

Because TCE's underlying claim was based on fraud, not breach of contract, paragraph 33 of the Agreement did not apply, and there was no other provision in the Asset Purchase Agreement allowing an award of attorney fees.

### 2. Amount of Fees and Costs Awarded

Because the Court concludes that the Bankruptcy Court erred in making a fee award, the Court does not reach the second issue of whether the Bankruptcy Court erred in determining the amount of the award.

### V. Appellate Fees and Costs

The Debtors request their attorney fees and costs incurred in defending this appeal under Fed. R. App. P. 38 and 28 U.S.C. § 1927. That request is denied. The Court does not find that this appeal is frivolous, unreasonable, or vexatious.

## VI. Conclusion

For the forgoing reasons, the Court **REVERSES AND VACATES** the Bankruptcy Court's February 5, 2015 Order and Judgment awarding fees and costs to the Debtors.  The Clerk is directed to enter judgment in favor of the Plaintiff and to close this case.

Dated this 16th day of March, 2016.

BY THE COURT:

_____
Marcia S. Krieger
Chief United States District Judge